UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:10-CR-136 |
| V. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| AMANDA FAYE FRITTS ) | |

## MEMORANDUM AND ORDER

This matter came before the undersigned for an Initial Appearance on a Petition for Action on Conditions of Pretrial Release on January 19, 2011. Matthew Morris, Assistant United States Attorney, was present representing the government and Jonathan Moffatt, Assistant Federal Defender, was present representing the defendant.

On October 20, 2010, the Defendant was released on a personal recognizance bond with an Order Setting Conditions of Release [Doc.6].

On January 5, 2011, a Petition for Action on Conditions of Pretrial Release was filed by the Defendant's pretrial services officer. The Petition stated that Defendant was in violation of the terms of her release and moved the Court to bring the Defendant before the Court to show cause as to why her bond should not be revoked.

On January 19, 2011, the Defendant appeared before the Court for a hearing under 18 U.S.C. §3148 and admitted to the Court that there is clear and convincing evidence that she had violated the Order Setting Conditions of Release. With regard to the detention or release as part of 18 U.S.C. §3148, the Defendant signed a waiver of her right to a detention hearing and determination at this time but reserved the right to ask for a detention hearing at a later date. The Government's position is that there is no condition or combination of conditions of release that

will assure that the defendant will not pose a danger to the safety of any other persons or the community and will not flee or that she is unlikely to abide by any conditions or combination of conditions of release.

The defendant is aware of her rights to a prompt detention hearing determination and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure her appearance in court and the safety of the community or that she is unlikely to abide by any conditions of release. The defendant knows that if her detention hearing is waived she will be detained and remain in custody while it is continued. The defendant acknowledged in open court that she understands her rights and the consequences of waiving her detention hearing.

The Court finds that pursuant to 18 U.S.C. §3148 there is clear and convincing evidence that the defendant has violated the Order Setting Conditions of Release and pursuant to the defendant signing a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B).

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1)  Defendant be detained pending her trial on **April 5, 2011, 2011**, at **9:00 a.m.** before the **Honorable Thomas W. Phillips**, United States District Judge.;

(2)  Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)   Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge